UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LEE JONES, JR.,

        Plaintiff,                Case No. 1:13-cv-104

v.                                         Honorable Janet T. Neff

J. RICHARDSON JOHNSON et al.,

        Defendants.

_____/

## **OPINION**

This is a declaratory judgment action brought by a state prisoner pursuant to 28 U.S.C. § 2201. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim upon which relief can be granted.

**Factual Allegations**

Plaintiff Jimmie Lee Jones, Jr., is confined at the Muskegon Correctional Facility. The defendants named in the complaint are identified as: J. Richardson Johnson, Circuit Court Judge; Jeffrey R. Fink, Chief Prosecutor; and Leroy Densmore, Assistant Prosecutor.

Plaintiff alleges that on May 15, 2000, he was arrested for violation of a personal protection order. On May 16, Plaintiff pleaded guilty to a misdemeanor and was sentenced to two days in jail. He contends that he was not informed of his right to appeal at the plea hearing.

The following day, Plaintiff was arrested for another violation of the same protection order. At a hearing on June 1, 2000, Plaintiff was convicted of a second violation of the PPO, and was sentenced to 93 days in jail. He contends that he was not advised of his right to appeal or of his right to appointment of counsel on appeal at the latter hearing. Plaintiff's sentences for violating the PPO expired in September 2000.

After Plaintiff's arrest for the second PPO violation, the state brought three felony charges against him: assault with intent to commit murder, Mich. Comp. Laws § 750.83; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); and aggravated stalking, Mich. Comp. Laws § 750.411i. In January 2001, following a jury trial in Kalamazoo County Circuit Court, Plaintiff was convicted of the foregoing charges. He was then sentenced as a fourth-habitual offender, Mich. Comp. Laws § 769.12, to concurrent prison terms of twenty (20) to forty (40) years for the assault conviction, ten (10) to twenty (20) years for the first-degree home invasion conviction, and five (5) to ten (10) years for the aggravated stalking conviction.

Shortly after Plaintiff's arrival in prison, he allegedly notified his court-appointed attorney of concerns regarding the use of the PPO convictions to enhance his sentences. Plaintiff's

attorney later filed an appeal from the convictions and sentences in the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on January 14 and July 28, 2003, respectively.

Plaintiff claims that his felony convictions are invalid because they are predicated on his convictions for violating the PPO, but the latter convictions allegedly were obtained in violation of his constitutional rights to an appeal and to appointment of counsel on appeal. Plaintiff also claims that his present sentences are invalid because the state failed to file a timely notice to enhance his sentences within twenty-one days of his arraignment. Plaintiff has filed several motions in state court challenging his convictions and sentences, to no avail. On December 17, 2001, he filed a motion for relief from judgment in state court challenging his first conviction for violation of the PPO. Apparently, that motion was denied. More recently, on January 7, 2013, he filed a declaratory judgment action in state court pursuant to Rule 2.605(a) of the Michigan Court Rules. He asserts that the court improperly recharacterized the latter action as a motion for relief from judgment under Rule 6.500 of the Michigan Court of Rules, and then returned it to him. According to the court, he had already filed a motion for relief from judgment, and his new motion did not satisfy any exception to the rule that only one such motion may be filed.

As relief in the instant action, Plaintiff seeks an order requiring the Kalamazoo County Circuit Court to allow him to appeal his convictions for violating the PPO. In the alternative, he requests an order vacating his current and prior convictions.

**Discussion**

Though Plaintiff's action is styled as one seeking declaratory relief, he asks for more than a declaratory judgment; he seeks an order reinstating his challenge to the validity of his

convictions. Such an order would, in effect, reverse the decision by the Kalamazoo County Circuit Court that Plaintiff is not entitled to relief. Under the *Rooker-Feldman* doctrine, a federal district court may not hear an appeal of a case already litigated in state court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States. *See United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Feldman*, 460 U.S. at 476); *Rooker*, 263 U.S. at 413. Therefore, to the extent that Plaintiff seeks to reverse the state court's decision denying him relief, the *Rooker-Feldman* doctrine bars this action.

Plaintiff also seeks an order declaring that his current convictions and sentences are invalid, and his entire complaint is premised on the notion that they are invalid. Where, as here, a prisoner challenges the fact or duration of his confinement, his sole remedy is a petition for habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). "It is well established in this circuit that a declaratory action [under 28 U.S.C. § 2201] cannot be used as a substitute for the statutory habeas corpus procedure." *Hall v. Bradley*, No. 94–5245, 1994 WL 443234, at *1 (6th Cir. Aug. 16, 1994) (citing *Braden v. 30th Judicial Circuit Court*, 454 F.2d 145, 148 n.1 (6th Cir. 1972)). Plaintiff's challenge to the fact or duration of his incarceration is cognizable only in a habeas proceeding; thus, his action for declaratory relief must be dismissed. *See Barnes v. Lewis*, No. 93–5698, 1993 WL 515483 (6th Cir. Dec.10, 1993) (dismissal is appropriate where a civil action seeks equitable relief and challenges the fact or duration of confinement).

Finally, while the Court recognizes its obligation to construe Plaintiff's pleadings generously, it declines to recharacterize Plaintiff's action as a petition for habeas corpus. *See Moore v. Pemberton*, 110 F.3d 22 (7th Cir. 1997) (reasons for not construing a civil action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and 28 U.S.C. § 2253(c), (4) differing fee requirements, and (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)). Indeed, if the Court did recharacterize the action, it would be subject to dismissal as a "second or successive" petition under 28 U.S.C. § 2244(b).

A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McClesky v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions). The instant action challenges the validity of Plaintiff's current convictions, but he has already filed a petition for habeas corpus challenging those convictions. *See Jones v. Renico*, No. 1:04-cv-249 (W.D. Mich.). That petition was dismissed on the merits in July 2007, and the Court of Appeals for the Sixth Circuit declined to grant a certificate of appealability. *Jones v. Renico*, No. 07-1971 (6th Cir. Mar. 17, 2008). Thus, the instant action, construed as a petition for habeas corpus relief, would be second or successive.

Before a second or successive application is filed in the district court, the applicant must move in the court of appeals for an order authorizing the district court to consider the

application. 28 U.S.C. § 2244(b)(3)(A). Without such authorization, the Court lacks jurisdiction to consider it. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Plaintiff does not allege that he has obtained authorization from the court of appeals for this Court to consider his newly-asserted challenge to his convictions. In fact, a review of his habeas proceedings reveals that the Court of Appeals for the Sixth Circuit denied him the authorization to file a second or successive petition raising claims similar to those presented here, *i.e.* that his current convictions and sentences are invalid because they are predicated on allegedly invalid convictions for violating the PPO. *See In re Jones*, No. 11-1853 (6th Cir. May 7, 2012). Thus, recharacterizing the instant action as a petition for habeas corpus would serve no useful purpose, because it would be dismissed for lack of jurisdiction.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  April 19, 2013  /s/ Janet T. Neff
Janet T. Neff
United States District Judge